**DICKSTEIN**SHAPIRO LLP

1177 Avenue of the Americas | New York, NY 10036-2714
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

## MEMO ENDORSED

October [handwritten]

*[handwritten annotation]: I will address the proposed initial motion the attorneys conference on October 23. SO ORDERED. USDJ - 11-07*

### VIA FACSIMILE

The Honorable P. Kevin Castel
United States District Court
Daniel Patrick Moynihan
  United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

Re:   *Essex Insurance Co. v. Carnival Corp.*, 07 Civ. 4653 (PKC).

Defendant Carnival Corporation's Request for Permission to File a Motion to
Dismiss, or in the alternative, to Convert the Initial Pre-Trial Conference into a
Pre-Motion Conference

*[stamp]:*
**USDS SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:**
**DATE FILED: 10/11/07**

Dear Judge Castel:

Pursuant to Paragraph 2.A. of Your Honor's Individual Practices, Defendant
Carnival Corporation ("Carnival") hereby submits the following letter requesting
permission to file a motion to dismiss this action, or, in the alternative, to transfer or for a
stay ("motion to dismiss"), in the above-referenced action. Alternatively, Carnival
requests that the Court convert the initial pre-trial conference scheduled for October 23,
2007 into a pre-motion conference and postpone the initial pre-trial conference until after
resolution of Carnival's motion.

Carnival plans to file a motion to dismiss this action because another case
pending in the United Stated District Court for the Southern District of Florida ("the
Florida Action") should be given priority over this action. Plaintiff Essex Insurance
Company ("Essex") filed this insurance coverage action on June 1, 2007, seeking various
declaratory judgments with respect to its potential obligation to provide insurance
coverage to Carnival, under an all-risk policy covering the period from May 1, 2005
through May 1, 2006, for substantial property damage and related revenue losses
Carnival suffered as a result of Hurricane Wilma in October 2005. Approximately two
weeks later, on June 18, 2007, Carnival and Carnival PLC (collectively "Carnival") filed
the Florida Action, a far more comprehensive action, which is styled *Carnival Corp. v.
Industrial Risk Insurers,* Case No. 07-21543. Carnival filed the Florida Action against
nine defendants -- all eight insurance companies that sold Carnival all-risk insurance
policies covering the time period from May 1, 2005 to May 1, 2006 (although one
defendant has since settled with Carnival) and the insurance broker that facilitated the
sale of the policies. The Florida Action seeks declaratory relief concerning the scope of
insurance coverage available under each of the insurance company defendants' respective

DSMDB.2332921.01

**DICKSTEIN**SHAPIRO‍LLP
Judge Castel
October 10, 2007
Page 2

policies, asserts breach of contract claims with respect to three insurance company defendants (including Essex), and asserts alternative claims against the insurance broker for breach of contract and for negligence. The Florida Action therefore is far more comprehensive than this action, as it includes all of the insurance companies that sold Carnival's all-risk property insurance policies for the 2005 policy year, which, according to Carnival, are obligated to cover Carnival's Hurricane Wilma losses, as well as the insurance broker that also may be liable to Carnival, and thus should be given priority. Additionally, special circumstances and the balance of conveniences warrant dismissal (or, alternatively, warrant the transfer or a stay) of this action. *See Employers Ins. Co. of Wausau v. News Corp.*, 439 F. Supp. 2d 328, 333 (S.D.N.Y. 2006); *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1353 (S.D.N.Y. 1992).

Postponing the initial pre-trial conference would be the most efficient and cost-effective course of action for the Court and for the parties. First, resolution of Carnival's intended motion to dismiss will not require a need for any fact discovery. Moreover, if successful, Carnival's motion to dismiss will dispose of this action in its entirety (or at least result in a stay of this action until after conclusion of the Florida Action). If the Court were to grant Carnival's motion, that would moot the need for an initial pre-trial conference and any discovery in this action. It therefore would be an unnecessary waste of the Court's and the parties' time and resources to hold an initial pre-trial conference and begin discovery at this time, or at any time prior to the Court's ruling on Carnival's motion.

Even if the Court were to deny Carnival's motion, postponing the initial pre-trial conference until after it has issued its ruling also makes sense. Specifically, the pleadings will not close until after the Court rules on Carnival's motion. Upon issuance of such a ruling, Carnival will need to answer Essex's allegations, assert its defenses and affirmative defenses thereto, and assert counterclaims against Essex. Hence, Carnival and Essex will be in a much better position to agree on a proposed case management schedule after the Court has resolved this forum dispute and after the full range of issues is asserted in the pleadings.

**DICKSTEIN**SHAPIRO<sub>LLP</sub>
Judge Castel
October 10, 2007
Page 3


Accordingly, Carnival respectfully requests that the Court postpone the pre-trial conference and grant Carnival permission to file its motion to dismiss, or in the alternative, convert the October 23, 2007 pre-trial conference into a pre-motion conference.

Respectfully submitted,

DICKSTEIN SHAPIRO LLP
Attorneys for Defendant Carnival Corp.

By:

Andrew N. Bourne. (AB-9774)
1177 Avenue of the Americas
New York, New York 10036-2714
(212) 277-6500

Of Counsel:
Barry J. Fleishman
Erica J. Dominitz

cc:    Christopher Raleigh, Esq.          **Via Email: CRaleigh@cozen.com**
        Christopher Kende, Esq.            **Via Email: CKende@cozen.com**