```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESSEX INSURANCE COMPANY,

                Plaintiff(s),

            - against -

CARNIVAL CORPORATION,

                Defendant(s).
------------------------------------------------------------x

07 Civ. 4653 (PKC)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

       This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ. P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ. P.

1.     All parties (~~consent~~) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] [If all consent, the remaining paragraphs need not be completed.]

2.     This case (is) ~~(is not)~~ to be tried to a jury. [Circle one.]

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days ~~from the date of this Order. [Absent exceptional circumstances, thirty (30) days.]~~ Ruling on defendant's anticipated motion to dismiss.      *PKC*

4.     Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than __14__ days from the date of this Order. [Absent exceptional circumstances, fourteen (14) days.]

5.     All _fact_ discovery shall be completed no later than __May 1, 2008__. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided all fact discovery is completed by the date set forth in paragraph 5 above:

    a.     Initial requests for production of documents to be served by __December 3, 2007__.

    b.     Interrogatories to be served by __December 3, 2007__.

    c.     Depositions to be completed by __May 1, 2008__.

-2-

      d.     Requests to Admit to be served no later than __June 2, 2008__.

7.    a.     All expert discovery shall be completed no later than __July 1, 2008__.
                [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, i.e. the completion of all fact discovery.]

      b.     No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.   a.     Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:
__Mediation scheduled to take place on January 25, February 7 and February 8, 2008.__

      b.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: __(iii) retention of a privately retained mediator.__

      c.     Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery) __January 25, February 7 and February 8, 2008__

      d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.   The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial

-3-

Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine (for which the premotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: ~~10 days.~~

    [handwritten:] Plaintiff has agreed that it will not raise the fact that defendant has answered this action as a ground to oppose dismissal, stay or transfer.

TO BE COMPLETED BY THE COURT:

[handwritten:] Defendant has agreed not to raise the assertion of a counterclaim in the S.D. Fla. by plaintiff as a ground to dismiss or transfer the action in this Court. Discovery in this action is to be coordinated with discovery in the S.D. Fla. action. It is contemplated that the Judge in the S.D. Fla. may wish to set a different schedule in the action before him in which event I will be pleased to modify my schedule to accommodate Judge Hoeveler's schedule in the broader and more comprehensive action.

13. [Other directions to the parties]

14. The (next Case Management) ~~(Final Pretrial Conference)~~ is scheduled for May 9, 2008 at 2 pm

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 23, 2007

[handwritten:] I will not stay, dismiss or transfer the action at this time but will revisit the issue on May 9, 2008. It may well make more sense for the action in S.D. Fla. to take precedence because of the additional parties present. I will examine the issue at the May 9 conference.