Christopher B. Kende  (CK-0632)
Christopher Raleigh   (CR-9366)
COZEN O'CONNOR
45 Broadway Atrium
New York, New York 10006
(212) 509-9400
Attorneys for Essex Insurance Co.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ESSEX INSURANCE COMPANY,

                            Plaintiff,                       07 Civ. 4653 (PKC)

       -against-

                                                            **REPLY TO**
                                                            **COUNTERCLAIMS**

CARNIVAL CORPORATION,

                            Defendant.
-------------------------------------------------------------X

       Plaintiff, Essex Insurance Company ("Essex"), by its attorneys, Cozen O'Connor, replies to the defendant's Counterclaims as follows:

       1.      Admits that Essex was a subscriber to a property insurance policy issued to Carnival Corporation and that the policy was in effect from May 1, 2005 through May 1, 2006. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 1 of the Counterclaims.

       2.      Denies that Essex has breached the aforementioned policy or that it refused to pay Carnival for losses and damages arising out of Hurricane Wilma. It denies each and every other allegation set forth in paragraph 2 of the Counterclaims.

       3.      Admits the allegations set forth in paragraph 3 of the Counterclaims.

       4.      Admits the allegation set forth in paragraph 4 of the Counterclaims.

5. Admits that in the spring of 2005, Carnival sought to renew a property policy with limits up to $150,000,000. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 5 of the Counterclaims.

6. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Counterclaims.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Counterclaims.

8. Admits that it was a subscriber to an all risk first party property insurance policy covering the period, May 1, 2005 to May 1, 2006, the terms of which speak for themselves. It denies that the policy included coverage for Carnival's properties in Mexico and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 8 of the Counterclaims.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Counterclaims.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Counterclaims.

11. Admits that it was paid premium and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 11 of the Counterclaims.

12. Admits that the policy it issued provides certain property insurance as more fully described in the policy, and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 12 of the Counterclaims.

13. Admits that it signed the policy and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 13 of the Counterclaims.

14. Admits that the policy purports to provide total insurance coverage in the amount of $150,000,000 and that its participation began at excess of $25 million. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 14 of the Counterclaims.

15. It refers to paragraphs 16 through 20 of this Reply with the same force and effect as if set forth herein and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 15 of the Counterclaims.

16. Admits that the primary layer provides for coverage in the amount of $25,000,000, that a policy was issued by GNP covering 60% of $23,734,000 and that a policy was issued by AIG Mexico covering 40% of $23,734,000. It denies each and every other allegation set forth in paragraph 16 of the Counterclaims.

17. Denies the allegations set forth in paragraph 17 of the Counterclaims with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 17 of the Counterclaims.

18. Admits that its participation in the second layer of the policy is 25% of $50,000,000 in excess of $25,000,000. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 18 of the Counterclaims.

19. It denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Counterclaims.

20. Admits that the master policy to which Essex subscribed, and the GNP policy, provide certain coverage for loss and damage to Carnival's property, where not otherwise

excluded, subject to the limits of liability set forth therein and the respective terms and conditions of each policy. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 20 of the Counterclaims.

21. Admits that policy numbered ESP3446 covering the period May 1, 2005 – May 1, 2006, provides for certain coverage of 25% of $50,000,000 in excess of $25,000,000 and is referenced in the schedule annexed to the Counterclaims as Exhibit "A." It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 21 of the Counterclaims.

22. Admits the allegations set forth in paragraph 22 of the Counterclaims.

23. Admits the allegations set forth in paragraph 23 of the Counterclaims.

24. Admits the allegations set forth in paragraph 24 of the Counterclaims.

25. Denies the allegations set forth in paragraph 25 of the Counterclaims with respect to itself. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 25 of the Counterclaims.

26. Denies the allegations set forth in paragraph 26 of the Counterclaims with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 26 of the Counterclaims.

27. Denies the allegations set forth in paragraph 27 of the Counterclaims with respect to itself. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 27 of the Counterclaims.

28. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 28 of the Counterclaims.

29. Admits the allegations set forth in paragraph 29 of the Counterclaims.

30. Admits the allegations set forth in paragraph 30 of the Counterclaims.

31. Denies that it has failed to recognize the full extent of its obligations under the policy it issued to Carnival. It admits that it disputes Carnival's right to payment of its losses arising out of Hurricane Wilma under the master policy. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 31 of the Counterclaims.

32. Admits the allegations set forth in paragraph 32 of the Counterclaims.

33. Admits the allegations of paragraph 33 of the Counterclaims with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 33 of the Counterclaims.

34. Admits the allegations set forth in paragraph 34 of the Counterclaims with respect to itself and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 34 of the Counterclaims.

35. Denies that it has failed to honor its obligations under the policy and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 35 of the Counterclaims.

## REPLY TO COUNTERCLAIM I – DECLARATORY JUDGMENT

36. It repeats and realleges paragraphs 1 through 35 of this Reply in response to paragraph 36 of the Counterclaims, with the same force and effect as if set forth at length herein.

37. Denies the allegations set forth in paragraph 37 of the Counterclaims.

38. Denies the allegations set forth in paragraph 38 of the Counterclaims.

39. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 39 of the Counterclaims.

40.     Denies that it has failed to honor its obligations under the policy it issued to Carnival and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 40 of the Counterclaims.

41.     Admits the allegations set forth in paragraph 41 of the Counterclaims.

42.     Admits that a judicial determination of the parties' rights and obligations under the policy is necessary at this time and denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 42 of the Counterclaims.

**REPLY TO COUNTERCLAIM II – BREACH OF CONTRACT**

43.     It repeats and realleges paragraphs 1 through 42 of this Reply in response to paragraph 43 of the Counterclaims, with the same force and effect as if fully set forth at length herein.

44.     Denies the allegations set forth in paragraph 44 of the Counterclaims.

45.     Denies the allegations set forth in paragraph 45 of the Counterclaims.

46.     Denies the allegations set forth in paragraph 46 of the Counterclaims.

**REPLY TO COUNTERCLAIM III – REFORMATION**

47.     It repeats and realleges paragraphs 1 through 46 of this Reply in response to paragraph 47 of the Counterclaims, with the same force and effect as if fully set forth at length herein.

48.     Denies the allegations set forth in paragraph 48 of the Counterclaims with respect to itself. It denies knowledge or information sufficient to form a belief as to each and every other allegation set forth in paragraph 48 of the Counterclaims.

**FIRST AFFIRMATIVE DEFENSE**

49.     Defendant fails to state a claim against plaintiff, Essex, upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

50.     Defendant's claims against plaintiff, Essex, may be barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, waiver, laches, and/or unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

51.     If defendant were damaged as alleged in the Counterclaims, such damages being expressly denied, then all such damages were caused and/or brought about, in whole or in part, by the affirmative wrongdoing, fault, poor business judgment, negligence and failure of due care of the defendant and/or its agents and any recovery should thereby be diminished by the portion which the defendant's conduct bears to that which caused the alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

52.     If the defendant sustained any damages as alleged in the Counterclaims, such damages were caused, aggravated and/or contributed to by the defendant's failure to take reasonable efforts to mitigate damages, and any award to the defendant must be reduced in such proportion to the extent that the damage complained of was caused, aggravated and/or contributed to by such failure to mitigate damages.

**FIFTH AFFIRMATIVE DEFENSE**

53.     All defenses which are asserted by other parties that may be added to this action are adopted and incorporated by reference as if fully set forth at length herein as defenses to defendant's Counterclaims.  In addition, Essex will rely upon any and all other and further defenses which become available or appear during discovery proceedings in this action and hereby specifically reserves.

**SIXTH AFFIRMATIVE DEFENSE**

54. The contractual relief sought in defendant's Counterclaims is barred by the doctrine of illegality, insofar as it is illegal for Essex, which is not licensed to issue insurance in Mexico, to issue policies that provide direct coverage for property, and related losses, located in Mexico.

**SEVENTH AFFIRMATIVE DEFENSE**

55. The relief sought by Carnival is barred and/or limited by the terms and conditions of the policy issued by Essex and the endorsements appended thereto, all of which are expressly incorporated herein

**WHEREFORE**, plaintiff, Essex Insurance Company, respectfully requests that this Court enter judgment as follows:

a. Dismissing the Counterclaims; and,

b. Awarding to Essex the costs of this action and such other and further relief as the Court deems just and proper under the circumstances.

Dated:  New York, New York
        December 3, 2007

        Respectfully,

        COZEN O'CONNOR

        By:    s/ Christopher B. Kende
              Christopher B. Kende (CK-0632)
              Christopher Raleigh (CR-9366)
              45 Broadway Atrium
              New York, New York
              Tel.: (212) 509-9400
              Attorneys for Plaintiff
              Essex Insurance Company

TO:

Erica Dominitz, Esq.
Barry Fleishman, Esq.
Dickstein, Shapiro, LLP
1825 Eye Street N.W., #5E260
Washington, D.C. 20006
Tel.: (202) 420-2200

## CERTIFICATE OF SERVICE

     I, Christopher Raleigh, hereby certify that on December 3, 2007, true copies of the Essex Insurance Company's Reply to Defendant Carnival Corporation's Counterclaims were served electronically and by First Class Mail, postage prepaid, upon the following attorneys for Defendant:

> Erica Dominitz, Esq.
> Barry Fleishman, Esq.
> Dickstein, Shapiro, LLP
> 1825 Eye Street N.W. #5E260
> Washington, D.C. 20006

                                              s/ Christopher Raleigh
                                              Christopher Raleigh (CR-9366)

NEWYORK\269048\1  188522.000